## Case No. 6,206.

### HATCH v. DORR et al.

[4 McLean, 112.][1]

Circuit Court, D. Michigan. June Term, 1846.

EXECUTION — SUPPLEMENTARY PROCEEDINGS — CREDITOR'S BILL FOR DISCOVERY—CHANGE OF RESIDENCE—JURISDICTION.

1. A creditor's bill [for discovery] is a continuation of the suit at law, as it merely seeks to obtain the fruits of the judgment, or to remove obstacles to the remedy at law.
[Cited in Babcock v. Millard, Case No. 699. Distinguished in Putnam v. New Albany, Id. 11,481. Cited in Arnold v. Frost, Id. 558; Re Sabin, Id. 12,195.]

2. In such a case, a change of residence of the complainant to the state of Michigan does not oust the jurisdiction of this court.
[Cited in Winter v. Swinburne, 8 Fed. 51; Claflin v. McDermott, 12 Fed. 376.]

In equity.

Mr. Abbott, for complainant.
Joy & Porter, for defendants.

OPINION OF THE COURT. This is a creditor's bill for discovery, filed upon a judgment obtained in this court in January, 1845, against Dorr; and an execution having been issued on the judgment, was returned nulla bona. The bill is filed in aid of the execution; S. N. Rendrick is made a de-

---

fendant, as the trustee of Dorr. The complainant was a citizen of the state of New York at the time the suit at law was commenced, but before the return of the execution by the marshal, he removed into this state. To the bill there is a general demurrer, which assigns for cause of demurrer, that the court has not jurisdiction of the case, as the complainant abandoned his citizenship in New York, and is now a resident of Michigan, where the defendant resides. This is not an original suit. "Original bills are those which relate to some matter not before litigated in the court, by the same persons, standing in the same interests." "Bills not original are those which relate to some matter already litigated in the court by the same persons, and which are an addition to or continuance of an original bill, or both." According to this definition, a creditor's bill is the continuation of the former controversy, so far as the fruits of the judgment are concerned. The complainant asks the aid of the court to reach the assets of the defendant so as to be made liable to his judgment, which assets have been secreted or fraudulently assigned to defeat the judgment. An injunction bill is said not to be an original bill, as it sets up some matter of equity against the plaintiff's claim, of which he could not avail himself at law. In that case, as in this, equitable considerations are inquired into in the one case, to carry the judgment into effect, and in the other to prevent the plaintiff from availing himself unjustly, of a legal advantage. If the case before us be not an original suit, but the extension of a former controversy, the change of residence by the plaintiff, can not affect the jurisdiction of the court. [Dunn v. Clarke], 8 Pet. [33 U. S.] 1; [Morgan v. Morgan], 2 Wheat. [15 U. S.] 290; Dunlap v. Stetson [Case No. 4,164]; [Logan v. Patrick], 5 Cranch [9 U. S.] 288.

It is well settled, that where jurisdiction of the court has once attached, no change of residence by the parties will oust that jurisdiction.