## Case No. 6,211.

### HATFIELD v. BUSHNELL.

[1 Blatchf. 393; 22 Vt. 659; 7 N. Y. Leg. Obs. 331.] [1]

Circuit Court, D. Vermont. May Term, 1849.

ACTIONS — ABATEMENT BY DEATH — SUBSTITUTION OF PERSONAL REPRESENTATIVE — LAW OF VERMONT.

1. An action pending in this court does not abate by the death of the plaintiff before judgment, but his personal representative may, under section 31 of the judiciary act of 1789 (1 Stat. 90), become a party to the suit, and prosecute it to final judgment, in case the cause of action survives to him by the local law.

2. By the law of Vermont, an action of ejectment is one in which the cause of action does so survive.

[Cited in U. S. v. De Goer, 38 Fed. 82.]

3. Jurisdiction of such an action having once vested in this court, the fact that the administrator of the deceased plaintiff is a citizen of Vermont and resides in the same state with the defendant, will not divest the court of jurisdiction, in case the administrator be admitted to prosecute.

[Cited in Culver v. Woodruff Co., Case No. 3,469; Trigg v. Conway, Id. 14,173; Winter v. Swinburne, 8 Fed. 51.]

This was an action of ejectment to recover lands claimed by the plaintiff [Peter Hatfield], an alien and a subject of Great Britain. The plaintiff having died intestate pending the action, and letters of administration on his estate having been granted by the court of probate in Vermont, the administrator, a resident citizen of Vermont, appeared, and, the death being suggested on the record, moved for leave to enter and prosecute the action. The defendant [Ira Bushnell] objected to the leave being granted, and filed a motion to dismiss the action.

Samuel S. Phelps and C. D. Kasson, for administrator.

Asahel Peck, for defendant.

PRENTISS, District Judge. The act of congress of 1789, commonly called the "Judiciary Act" (1 Stat. 90, § 31), provides: "That where any suit shall be pending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment, &c."

The act, it will be perceived, extends to every action, and saves it from abatement by the death of the parties, where the cause of action survives, whatever may be the nature of the action. Whether or not, in any particular case, the cause of action survives, must depend altogether upon the local law. With that question the act of congress

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission. 7 N. Y. Leg. Obs. 331, contains only a partial report.]

has nothing to do. It does not profess to say what causes of action, nor, of course, what particular forms of action shall or shall not survive, but refers this to the laws of the respective states. If, in the present case, the cause of action, by the law of Vermont, survives to the personal representative, and he might sue originally upon it, the action does not abate by the death of the plaintiff, but may be prosecuted by his administrator.

By the law of Vermont (Rev. St. c. 48, §§ 10, 12, 17), actions of ejectment to recover the seisin and possession of lands, as well as many other actions which would abate by the common law, and the causes of action, survive; and any such action may be commenced, or, when commenced in the life time of the deceased party, may be prosecuted by the executor or administrator. The lands are in the nature of assets for the payment of debts, and, for that reason, the executor or administrator is the only party primarily, and for a time, at least, entitled to maintain an action to recover them. Neither the heir nor the devisee can sue until the lands have been assigned to him by a decree of the court of probate, or the time allowed the executor or administrator for the payment of debts has elapsed. The cause of action in this case, therefore, surviving by the law of Vermont, the administrator, under the act of congress, has a legal right to become a party to the suit and proceed in it to judgment.

It is objected, however, that the administrator is a citizen of Vermont, resident in the same state with the defendant, and that the court cannot exercise jurisdiction in a case such as this will be if the administrator become a party, between citizens of the same state. But, it is to be observed, that the administrator, if admitted, is not to be considered in the light of an original party to the action for the purposes of this or any other question. The action was commenced and regularly pending in the lifetime of his intestate, who was the original party; and he comes in, not in his own right, but in the right, and merely as the representative of such original party. It is in this special character, and under these special circumstances, that he appears and prosecutes. As was said in the case of Green v. Watkins, 6 Wheat. [19 U. S.] 260, the death of the party neither raises any new cause or right of action, nor produces any change in the condition of the cause or in the rights of the parties. If these remain the same as before, why does not the jurisdiction continue the same as before, irrespective of the citizenship of the personal representative?

It is well settled, that if the jurisdiction of the circuit court be once vested in a suit between citizens of different states, a subsequent change of domicil of the parties, pendente lite, either by the defendant removing into the state where the plaintiff resided, or by the plaintiff removing into the state where the defendant resided and the suit was brought, will not divest the jurisdiction. Morgan's Heirs v. Morgan, 2 Wheat. [15 U. S.] 290; Cameron v. M'Roberts, 3 Wheat. [16 U. S.] 591; Thomas v. Newton [Case No. 13,-905]. And, where a judgment has been recovered in the circuit court, in a suit at law between citizens of different states, a bill in equity for an injunction to stay execution on the judgment may be entertained by the court, although the adverse parties to the judgment have, subsequent to the judgment, become citizens of the same state. Dunn v. Clarke, 8 Pet. [33 U. S.] 1. The doctrine upon which these cases rest is, that where the jurisdiction has once attached, no subsequent change in the relation or condition of the parties, in the progress of the cause, or after judgment, will deprive the court of jurisdiction over the cause, or over any proceeding touching the execution of the judgment. On this doctrine, an executor or administrator may bring a scire facias in the circuit court to revive a judgment recovered therein in a suit brought by the testator or intestate, or to have execution against the bail in the suit, or, if no judgment be recovered in the suit so brought, but it be still pending, may of course become a party to and prosecute the same, although he may be a citizen of the same state with the adverse party, and, for that cause, incompetent to bring in such court an original suit against him.

The deceased plaintiff was an alien, and the court had jurisdiction of the action. The administrator comes in, as has been already said, merely as the representative of the deceased plaintiff, and prosecutes as such. Thus coming in to prosecute to judgment a suit already pending, however it might be in a suit originally commenced by him, his residence or citizenship, whether in the same state with the defendant or a different one, is immaterial. To hold otherwise might render the provision of the act of congress in a measure nugatory. The local law of the state may not allow the appointment of a person as administrator who resides out of the state, or, if it does, the court of probate may refuse to appoint such person; and no letters of administration but such as are granted in this state will give any authority to sue or prosecute here.

The sum of the whole matter therefore is, that an action of ejectment pending in this court, does not abate by the death of the plaintiff before judgment, but his administrator may, under the provision of the thirty-first section of the judiciary act of 1789, become a party to the suit and prosecute the same to final judgment, the cause of action, by the local law, surviving to the personal representative; and, jurisdiction of the action having once vested, it continues and may be exercised, notwithstanding the administrator may be a citizen of Vermont, residing in the same state with the defendant. How far the right to recover may be affected, if

at all, where the administrator comes in, as in this case, in right of an alien, a subject of Great Britain, whose title may or may not be held under the ninth article of the treaty of 1794, is a matter proper to be decided, not on a preliminary motion, but on the trial of the merits. The motion of the defendant to dismiss the action is consequently denied, and the motion of the administrator for leave to enter and prosecute allowed.