## BOLLING *v.* LERSNER.

This court has no jurisdiction to re-examine the judgment or decree of a State court, unless it appears from the record that a Federal question presented to that court was in fact decided, or that the decision was necessarily involved in the judgment or decree as rendered.

ERROR to the Supreme Court of Appeals of the State of Virginia.

Motion to dismiss for want of jurisdiction. *Mr. James V. Brook* and *Mr. James R. Tucker* in support of the motion. *Mr. Conway Robinson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Circuit Court of Fauquier County, Va., rendered a decree in this cause Sept. 13, 1867. From this decree Lersner prayed an appeal to the District Court of Appeals, May 17, 1869. This was allowed by W. Willoughby, judge. Upon this allowance the appeal was docketed in the Appellate Court, and the parties appeared without objection or protest, and were heard. Upon the hearing, the decree of the Circuit Court was reversed. and the cause remanded with instructions to proceed as directed. When. the case came to the Circuit Court upon the mandate of the Appellate Court, Bolling appeared, and objected to the entry of the decree which had been ordered, for the reason, among others, that Willoughby, the judge who allowed the appeal, had been appointed to his office by the commanding-general exercising military authority in Virginia under the reconstruction acts of Congress, and that those acts were unconstitutional and void. This objection was overruled, and a decree entered according to the mandate. From this decree Bolling took an appeal to the Supreme Court of Appeals, where the action of the Circuit Court was affirmed. To reverse

this decree of affirmance the present writ of error has been prosecuted.

We cannot re-examine the judgment or decree of a State court simply because a Federal question was presented to that court for determination. To give us jurisdiction, it must appear that such a question was in fact decided, or that its decision was necessarily involved in the judgment or decree as rendered.

In this case, Bolling presented to the court for its determination the question of the constitutionality of the reconstruction acts. This was a Federal question; but the record does not show that it was actually decided, or that its decision was necessary to the determination of the cause. While it, perhaps, sufficiently appears that the judge was appointed under the authority of the acts in question, it also appears that he was acting in the discharge of the duties of his office, and that he had the reputation of being the officer he assumed to be. It also appears, that, after the allowance of the appeal, the case was docketed in the Appellate Court; that Bolling appeared there; that he submitted himself to the jurisdiction of that court without objection, and presented his case for adjudication; that the case was heard and decided; and that the objection to the qualification of the judge who allowed the appeal was made for the first time in the Circuit Court, when the case came down with the mandate.

From this it is clear that the case might have been disposed of in the State court without deciding upon the constitutionality of the reconstruction acts. Thus, if it was held that the objection to the authority of the judge came too late, or that the allowance of an appeal by a judge *de facto* was sufficient for all the purposes of jurisdiction in the Appellate Court, it would be quite unnecessary to determine whether the judge held his office by a valid appointment. We might, therefore, dismiss the case, because it does not appear from the record that the Federal question was decided, or that its decision was necessary.

But if we go farther, and look to the opinion of the court, which, in this case, has been certified here as part of the record, we find that the Federal question was not decided. All the

judges agreed that Willoughby was a judge *de facto*, and that his acts were valid in respect to the public and third parties, even though he might not be rightfully in office. In this the court but followed its own well-considered holding, by all the judges, in *Griffin* v. *Cunningham*, 20 Gratt. 31, approved in *Quinn* v. *Cunningham*, id. 138, and *Teel* v. *Young*, 23 id. 691, and the repeated decisions of this court. *Texas* v. *White*, 7 Wall. 733; *Thorington* v. *Smith*, 8 id. 8; *Huntington* v. *Texas*, 16 id. 412; *Horn* v. *Lockhart*, 17 id. 580.

*Writ dismissed for want of jurisdiction.*