## WINTER *v.* SWINBURNE and others.

(*Circuit Court, E. D. Wisconsin.* July 8, 1881.)

1. JURISDICTION—CREDITORS' BILL—DECREE IN ADMIRALTY.

The circuit court of the United States has not jurisdiction to entertain a creditor's bill filed in that court, and based on a judgment or decree in admiralty recovered in the district court, all the parties to the bill being citizens of the same state.

Jurisdiction in such a case is not maintainable on the ground that the bill in the circuit court is ancillary to the judgment or decree in the district court; nor is the case one arising under the constitution or laws of the United States, so as to give the court jurisdiction under the first clause of the first section of the removal act of March 3, 1875.

In Equity.

*Winfield Smith,* for complainant.

*George D. Van Dyke,* for defendants.

DYER, D. J. In effect, this is an application for an attachment of certain of the defendants for contempt, because of their refusal to submit to examination, on oath, before a master, pursuant to an interlocutory decree heretofore entered in this cause.

It appears that in 1880 a money decree was recovered against the defendants for the sum of $2,148.71, in the district court of the United States for this district, in a cause of collision in admiralty, wherein the present complainant was libellant and the defendants were respondents. There was no appeal to the circuit court, and the decree in the district court became final. Execution was issued thereon and was returned *nulla bona.* Thereupon the libellant in that case and complainant here, filed the present creditors' bill in the circuit court to reach assets, effects, and equitable interests of the defendants in satisfaction of the decree in the district court. The defendants not appearing, the usual orders were duly entered, referring the case to a master to appoint a receiver of the property, things in action, and effects of the defendants, and requiring the defendants to make conveyances to the receiver, and to submit to examination on oath before the master. On the return-day of the master's summons, the defendants appeared specially, and by their counsel objected to the proceedings as not within the jurisdiction of the court, and declined to be sworn and examined. Whereupon the record was certified to the court for its action thereon, and argument has been had on the question of jurisdiction.

The grounds of objection to jurisdiction are that both the com-

plainant and the defendants are citizens of this state, and that therefore this suit cannot be maintained in this court. The precise question is, can a creditors' bill be prosecuted in the circuit court in aid of an execution on a money decree recovered in the district court in admiralty, or for enforcement or collection of such a decree, all the parties to the bill being citizens of the same state? The question is a novel one, and no decided case covering the precise point involved has been found.

It is first contended by counsel for the complainant that jurisdiction may be derived from the subject-matter of the controversy, irrespective of the citizenship of the parties. This is upon the theory that the creditors' bill is ancillary to the decree or judgment in the district court and a continuation of that proceeding, and that therefore the case is within the rule or principle laid down by the authorities, that where a bill filed on the equity side of the court is not an original suit, but ancillary and dependent, jurisdiction is maintained without regard to the citizenship of the parties. I have always supposed that this principle was only applicable where the ancillary bill was filed in the same court in which the original suit was brought, and it may not be unprofitable to notice with some care the authorities bearing on the question, most of which were cited on the argument.

In *Freeman* v. *Howe,* 24 How. 450, it was held that where property of A. is wrongfully seized under a writ of attachment against B., a petition for relief by the rightful owner may be heard and relief granted without regard to the citizenship of the parties. The court say that—

"The principle is that a bill filed on the equity side of the court to restrain or regulate judgments or suits at law in *the same court,* * * * * is not an original suit, but ancillary and dependent, supplementary merely to the original suit out of which it had arisen, and is maintained without reference to the citizenship or residence of the parties."

In *Railroad Companies* v. *Chamberlain,* 6 Wall. 748, a bill was filed by a Wisconsin railroad company to set aside a judgment and a lease to secure the same, and another railroad corporation of the same state, having become the equitable owner of the lease, was admitted as defendant, and also filed a cross-bill to have the judgment enforced. The circuit court dismissed the cross-bill for want of jurisdiction, the parties being all citizens of the same state; and it was held that this decree was erroneous, the proceeding being merely ancillary to the judgment which was recovered in the same court as that in which

the cross-bill was filed; and Justice Nelson, in the opinion, observes that the bill could be filed in no other court.

In *Jones* v. *Andrews*, 10 Wall. 327, it was held that a bill for an injunction to restrain proceedings of garnishment against the complainant's property, instituted in the circuit court, and also praying the benefit of a set-off against the garnishing creditor's demand, is not an original suit, but is a defensive or supplementary suit, in which the jurisdiction of the court does not depend on the citizenship of the parties but on the cognizance of the original case.

If a judgment at law be recovered in a circuit court the defendant in the judgment may file a bill in that court to enjoin the judgment against the representative of the plaintiff in the judgment, though that representative be a citizen of the same state as the defendant in the judgment; it is but a continuation, in substance, of the original suit. *Dunn* v. *Clarke*, 8 Pet. 1.

A creditor's bill is held to be a mere continuation of the suit at law, as it merely seeks to obtain the fruits of the judgment, or to remove obstacles to the remedy at law; and since, therefore, it is not an original suit, but rather the extension of a former controversy, a change of residence of the plaintiff to the state where the defendant resides will not affect the jurisdiction of the court. *Hatch* v. *Dorr*, 4 McLean, 112. See, also, *Hatfield* v. *Bushnell*, 1 Blatchf. 393.

In all the cases thus far cited it will be observed that jurisdiction was supported on the ground that the suit in which the question of jurisdiction arose was auxiliary or supplementary to the original suit, and it is further observable of the cases that, without exception, both suits were brought in the same court. Other authorities, showing when creditors' bills, cross-bills, bills of review, and other dependent or auxiliary suits may be maintained between citizens of the same state, are collected and cited by the learned judge of the eastern district of Michigan in *In re Sabin*, 18 N. B. R. 151.

On the argument, attention was called to *Noyes* v. *Willard*, 1 Woods, 187, which was a case where an assignee in bankruptcy recovered a fraudulent judgment in the district court against an alleged debtor of the bankrupt, and the judgment debtor filed a bill in the circuit court to enjoin execution upon the judgment; and it was held that the fact that all the parties were citizens of the same state did not oust the court of jurisdiction. But I do not regard this case as sustaining the argument in favor of jurisdiction in the case at bar; because, in the case cited, the jurisdiction of the circuit court was clearly maintainable under that provision of the bankrupt

law which expressly gives to circuit courts concurrent jurisdiction with the district courts of all suits at law or in equity brought by an assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee touching any property or right of property of the bankrupt transferable to or vested in the assignee, and it was by virtue of this provision of the law that the jurisdiction was maintained.

*U. S.* v. *Stiner,* 8 Blatchf. 544, is also cited. This was a creditor's bill filed in the circuit court and founded on a judgment recovered by the United States in the district court, and the question was whether the circuit court had jurisdiction of the case. It was held without hesitation, by Judge Blatchford, that jurisdiction was plainly conferred by the eleventh section of the act of September 24, 1789, (1 St. at Large, 78,) which gave to the circuit courts original cognizance of all suits of a civil nature at law or in equity where the matter in dispute exceeded, exclusive of costs, $500, and in which the United States were plaintiffs. Nothing could be clearer than that, under this express statutory authority, a creditor's bill could be prosecuted by the United States in the circuit court to enforce payment of the judgment recovered in the district court.

Since direct adjudication of the precise question involved is wanting, we are left to deal with it in the light of such general principles as may be applicable. And, *first,* it may be remarked that the circuit court has no general supervisory jurisdiction over the proceedings of the district court in admiralty. Its exercise of any supervisory control whatever is limited to the case of an appeal or other equivalent and direct mode of procedure where in a particular controversy it is made the subject of review. In other words, a general jurisdiction of the sort invoked here cannot be borrowed by the circuit court from the inferior court on the ground that the original proceeding in the latter court was one in admiralty. The final judgment in the district court was a judgment *in personam,* and became a simple money demand, enforceable as such by suitable proceedings in a court having authority to entertain such methods of procedure as the case might require. The circuit and district courts of the United States are distinct and separate courts, each having, so to speak, its own sphere of jurisdiction. In some classes of cases their jurisdiction is by statute made concurrent; otherwise, it is as distinct as is the subject-matter of the controversies with which they may have to deal. As we have seen from the authorities, the theory of ancillary bills, except as special statutes may govern particular cases, presupposes

an original action in the same court in which the ancillary bill is filed. It was asked on the argument if the circuit court had only common-law jurisdiction; and if, as part of the federal judicial system, there was a separate court having only chancery jurisdiction, whether the latter court might not entertain a creditor's bill to enforce a judgment recovered in the court of law. Undoubtedly, that would depend upon the constitutional and statutory authority conferred upon the court having exclusive chancery powers.

But as a more effectual test, suppose, for example, the case in the district court, upon which the present bill is based, had been one between two citizens of Michigan, and there had been an appeal to the circuit court, followed by affirmance of the judgment of the district court. Could it be claimed that the libellant could file a creditor's bill, in the circuit court of Michigan, to enforce satisfaction of the judgment or decree in the circuit court of Wisconsin? Obviously not; and yet the jurisdiction of circuit courts of different circuits is scarcely more distinct than that of the circuit and district courts of the same district. The fact that the same judge may hold both the circuit and district courts does not, of course, make them the same court, nor give them any nearer connection than they would have if held by different judges in different localities in the same district; and therefore it will not do to say that the judgment of the district court was the judgment of a federal court, and that the present bill filed in the circuit court is a bill pending in a federal court, and so that the two proceedings are in the same court. The two courts, it is true, exist under one system, but they are none the less distinct and separate courts in the exercise of their respective powers and jurisdictions. Indispensable to the exercise of original jurisdiction by the circuit courts, except in certain enumerated cases, is the requisite citizenship of the parties; and the argument, *ab inconvenienti*, strongly as it was urged by counsel, is not sufficiently potent to overcome the fact that, in view of the considerations already suggested, the present bill must be regarded as an original bill in the circuit court, and that the jurisdiction of that court is absolutely dependent upon such citizenship of the parties as does not exist here.

A good deal of stress was laid by counsel on the language used by Judge Blatchford in his opinion in the case of *The Blanche Page*, 16 Blatchf. 6, wherein he held that a court of admiralty of the United States has no power to enforce a final decree for the payment of money, against sureties, by the sequestration of their property accord-

ing to the practice of courts of equity. In his opinion the learned judge says:

"There is no statute which confers on a court of admiralty of the United States those powers of sequestering property which appertain to a court of equity, nor is there any rule which does so. The libellants have judgments, and, after executions have been issued and returned unsatisfied, they *can resort to the proper court* to reach any property which the debtors may have. But this court, sitting in admiralty, is not such court. The fact that the libellants could not recover judgments on the stipulations or bonds in any other court than the admiralty court, does not prevent their *resorting to other courts*, where they have obtained judgments in the admiralty court, to enforce such judgments."

From this language the inference is drawn that by "resort to the proper court" was meant by the judge resort to the proper federal court, *i. e.*, the circuit court. But the language of the opinion does not, I think, warrant that conclusion. Its meaning simply is that proceedings in such a case to reach the property of the debtors must be taken in the proper court; whether it be the state court or the federal court must necessarily depend upon jurisdictional right.

But it is further urged that jurisdiction of the present bill may be derived from the first clause of the first section of the removal act of March 3, 1875, which provides that—

"The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and arising under the constitution or laws of the United States."

The argument is that the matter in dispute here arises under the constitution and laws of the United States; that the decree in admiralty, which is the foundation of this suit, is the creature of the federal laws and constitution, and that as this is a suit in equity for enforcement of such a decree, it is a suit within the meaning of the provision of the statute above quoted. I cannot concur in this view, and do not think it is supported by the adjudged cases bearing on the point. To uphold jurisdiction under the clause referred to in the act of 1875, I am of the opinion that it is not sufficient for the party merely to trace title or right through undisputed proceedings which may have been previously had by virtue of laws of the United States. The construction of the constitution or of a federal statute must be involved, or the right to present relief must be based upon the constitution or a statute, to make a case arising under the constitution or

laws of the United States within the meaning of the act. Here there is is no dispute over the original suit in admiralty. The decree in that suit and the complainants' right to it are admitted: they are not even sought to be avoided; and, upon the point under consideration, there is analogy between the present case and *Ex parte Smith*, 94 U. S. 455. In that case certain parties brought an action of ejectment in the federal court of Tennessee. The plaintiffs claimed title through certain proceedings under which the lands in suit were sold by the United States tax commissioners, by virtue of an act of congress providing for the collection of direct taxes in insurrectionary districts. All the parties to the suit were citizens of Tennessee, and jurisdiction was claimed on account of the subject-matter of the action; but the supreme court held that, to sustain the jurisdiction, it was incumbent on the plaintiffs to show that the action arose under the revenue laws of the United States, and that this was not shown by merely claiming a title through such laws when the title *in that respect* was not disputed.

The subject is also discussed in *Hartelle* v. *Tilghman*, 99 U. S. 547, where it was held that suits between citizens of the same state cannot be sustained in the circuit court, as arising under the patent laws, where the defendant admits the validity and his use of the plaintiff's letters patent, and a subsisting contract is shown governing the rights of the parties in the use of the invention. In analogy to what is said by the court in that case, it may be said of the case at bar that the relief sought by the present bill is not founded on nor does it arise from the laws of the United States authorizing or regulating proceedings in admiralty. There is no controversy here that requires for its decision a reference to those laws or a construction of them. There is no denial of the force or validity of the decree in the district court, nor of complainant's right to that decree. In no phase of the case is any federal question involved, and therefore if this were a cause pending in the state court it could not be removed from the court of last resort of the state to the supreme court of the United States. *Bolling* v. *Lersner*, 91 U. S. 594.

But it is supposed that *Seymour* v. *The Phillips & Colby Const. Co.* 7 Biss. 460, is an authority which supports jurisdiction in the case at bar, under the act of 1875. I think, however, the cases are distinguishable, although my first impression was otherwise. In the case cited the facts were that the plaintiffs recovered a judgment in the circuit court against the construction company, and thereupon

the defendant in that case sued out a writ of error to the supreme court and gave a *supersedeas* bond, to which the defendants in the case decided were parties as obligors. The writ of error was dismissed, and the judgment of the court below in the first case was affirmed. Thereupon a suit was brought upon the bond, (which is the case cited,) and the defendants plead to the jurisdiction of the court on the ground that all the parties were citizens of the state of Illinois. Judge Drummond held that the dispute was one arising under the laws of the United States, within the act of March 3, 1875, and sustained the jurisdiction. It is noticeable, first, of this case, that the original action against the construction company, and the suit on the *supersedeas* bond, were both brought in the circuit court; and from remarks of the learned judge in the opinion, it is evident he was inclined to the view that the latter suit was but an incident to the original; that they were inseparably connected together; and that on that ground jurisdiction was maintainable as in the ordinary case of a purely ancillary action. But, going further, the judge says that the bond sued on was a security given under a statute of the United States and a rule of the supreme court, and therefore that the damages and costs to be recovered in a suit on the bond must be determined by a construction of the statute, because the statute fixed the measure of the damages and governed the rights of the parties. So, unlike the case at bar, the cause of action and the measure of recovery, in the suit on the *supersedeas* bond, were directly grounded on a federal statute, and whatever questions might arise would, *ex necessitate*, be questions arising under a law of the United States, and to be determined with the law and the rules of the supreme court as the basis of whatever judgment might be rendered. And Judge Drummond, as a test, puts this question:

"Is it not * * * manifest that if a state court took jurisdiction of such a controversy, it might ultimately, under law or under the rule, be carried to the supreme court of the United States?"

Certainly the distinction is a plain one between that case and the one in hand, when the particular features of the two cases are considered. Here is a creditor's bill—an original bill in this court—raising no question as to the validity of the decree in the district court, involving no construction of any federal statute or of any rule of court, nor the exercise of any power having its source in any such statute or rule, and presenting no controversy or question which would make the case removable ultimately to the supreme court.

The want of analogy between the two cases, it seems to me, is made even more apparent by further language used by Judge Drummond in his opinion. He says, speaking of the bond:

"It is an indemnity given in pursuance of a law of the United States: the measure of the liability of the party, and the rights both of the plaintiffs and the defendants, depend upon a law of the United States, and a rule of the supreme court of the United States. It is impossible to take a step in the progress of the cause, in order to determine the rights of the parties, without looking at the law and the rule as the guidance of the court, and controlling its judgment in the determination of the case."

Not so with the case at bar; and, on the whole, without further discussion of the question, I am of the opinion that the jurisdiction of this court over the present bill cannot be maintained on either of the grounds urged by the learned counsel for the complainant, and therefore that the present proceeding in the nature of a motion for an attachment for contempt cannot be entertained.