## CLAFLIN and others *v.* McDERMOTT and others.

*(Circuit Court, S. D. New York.* June 14, 1882.)

1. ACTION—ANCILLARY SUITS—ENFORCING JUDGMENT.

Actions in aid of an execution at law are ancillary to the original suit, and are, in effect, a continuance of the suit at law to obtain the fruit of the judgment, or to remove obstacles to its enforcement.

2. FOREIGN JUDGMENTS—FORCE AND EFFECT.

A judgment of one state has no force in another state save what it derives from the laws of such state, and the provision of the constitution of the United States which relates to its effect applies only to its effect as evidence.

3. EQUITY—REMEDY—WHEN CREDITOR MAY INVOKE.

A creditor at large cannot invoke the jurisdiction of equity to enforce his claim unless upon some of the recognized grounds of trust or administration of equitable assets. Unless such grounds exist his remedy is at law, and equity will not assist him until that remedy is exhausted.

4. CREDITOR'S BILL—FOREIGN JUDGMENT.

A judgment obtained in another state cannot be the foundation for a creditor's bill in this state. It must be sued over before it becomes a judgment for the purposes of any remedy here, at law or in equity.

5. JURISDICTION—WHEN NOT ASSUMED.

This court will not assume jurisdiction to examine into a fraudulent perversion of the proceedings of a court of a distant state, and set aside transfers based upon these proceedings, when the actions, the transactions, and the property are all within that state.

*Vanderpoel, Green & Cuming,* for plaintiffs.

*E. R. Meade,* for defendants.

WALLACE, C. J. The bill in this case is filed to set aside the transfer of certain personal property made at San Francisco, California, by Kennedy & Durr, to MacDermot, by means of collusive judgments and sales under executions issued thereon, the complainants being creditors of Kennedy & Durr, and having recovered judgment in a state court in California against Kennedy & Durr, upon which an execution has been returned unsatisfied. By a demurrer, the question is presented whether the bill can be maintained here, no judgment having been obtained or execution issued in this court, or in any court of the state. Actions like the present, in aid of the execution at law, are ancillary to the original suit, and are, in effect, a continuance of the suit at law to obtain the fruit of the judgment or to remove obstacles to its enforcement. Because this is the nature of such an action, it has been decided that such a suit may be maintained in a federal court although all the parties reside in the state where it is brought, the judgment in the original suit having been recovered in the federal court in which the creditor's suit was brought.

*Hatch* v. *Dorr*, 4 McLean, 112. It is, therefore, difficult to understand how such a suit can be maintained in any court which does not exercise an auxiliary jurisdiction over the court in which the original suit was brought. Authorities are found, however, upon both sides of the question which is thus presented.

In *Tarbell* v. *Griggs*, 3 Paige, 207, the court of chancery of this state refused jurisdiction of a creditor's bill filed to obtain satisfaction of a judgment obtained in the United States circuit court for the southern district of New York, upon which an execution had been returned unsatisfied. The judgment was treated as a foreign judgment, and as standing on the same footing with a judgment of the court of another state.

In *Davis* v. *Bruns*, 23 Hun, 648, there was a similar adjudication. There the plaintiff brought his action in the supreme court of this state to set aside an alleged fraudulent transfer of real estate, having obtained a judgment against the grantor in the United States district court for the southern district of New York, and an execution on the judgment having been returned unsatisfied. In both of these cases it was held that the plaintiff's remedy at law had not been exhausted by the issuing and return of an execution upon a foreign judgment.

On the other hand, in *Wilkinson* v. *Yale*, 6 McLean, 16, a creditor's bill was maintained in the United States circuit court founded upon a judgment of a state court of the state in which the federal court was sitting. The decision was placed upon the power of the court to adopt a remedy given by the law of the state, when the remedy was one appropriate for the exercise of a court of equity; but it was also assumed that the bill could be maintained irrespective of the state statute.

The cases in the courts of New York seem most consonant with principle. Obviously the complainants are merely creditors at large of the defendants in the California judgment. The judgment of another state has no force in this save what it derives from the laws of this state and the provision of the constitution of the United States which relates to its effect as evidence. It ranks here as a simple contract debt. It does not have the force and operation of a domestic judgment, except for the purposes of evidence, beyond the jurisdiction where it is obtained. *McElmoyle* v. *Cohen*, 13 Pet. 312. It will not be contended that a creditor at large can invoke the jurisdiction of equity to enforce his claim unless upon some of the recognized grounds of trust or administration of equitable assets. Unless some

of these grounds exist the remedy of the creditor is at law; and equity will not assist him until that remedy is exhausted. The remedy at law cannot be exhausted by the recovery of a judgment in a foreign jurisdiction, and by fruitless efforts to enforce it there. Except as a binding adjudication between the parties upon the subject-matter of the suit, the judgment of one of our sister states has no operation here upon the rights or the remedies of the parties to it. It cannot be a foundation for a creditor's bill here any more than a judgment recovered in England or in Canada. It must be sued over here before it becomes a judgment for the purposes of any remedy here at law or in equity.

This conclusion is reached with less reluctance in view of the practical objections which would exist if foreign judgment creditors were permitted to resort to this jurisdiction to remove obstacles in the way of their legal remedies. These obstacles always exist in the jurisdiction where the judgment is obtained. Frequently their removal involves the consideration of the force and effect of remedies and rights created by local law, which are more appropriately adjudicated by the local tribunals. The present case affords an illustration in point. This court is asked to examine into a fraudulent perversion of the proceedings of a court of a distant state, and set aside transfers based upon these proceedings, when the actors, the transactions, and the property are all within that state. Such a jurisdiction should not be willingly assumed.

The demurrer is sustained.