## GRANT v. GRANT.
### No. 6211.

United States Court of Appeals for the District of Columbia.

Argued Nov. 7, 1934.

Decided Jan. 28, 1935.

Jean M. Boardman and Raymond Neudecker, both of Washington, D. C., for appellant.

Joseph D. Malloy, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree of the lower court dismissing appellant's bill of complaint for want of merit.

It is alleged in the bill that plaintiff and defendant are residents of the District of Columbia and are husband and wife; that they have one child now living, born on February 3, 1930; that on September 12, 1932, plaintiff obtained in the circuit court for Montgomery county, Md., a decree of divorce a mensa et thoro from defendant upon the ground of cruelty; that she was awarded the custody of their child, and defendant was directed to pay permanent alimony to her in the sum of $20 per month beginning with September 12, 1932, and continuing monthly thereafter; that defendant personally appeared in the case, but took no appeal from the decree, and it remains in full force and effect; that under the laws of the state of Maryland in force when the decree was entered, and still in force, the circuit court for Montgomery county, Md., has jurisdiction and authority to enforce its decree for the payment of alimony by the attachment and imprisonment of defendant in case of his willful failure and refusal to obey the same.

Plaintiff alleged that defendant has never paid any part of the alimony awarded by the decree, and there is now due and payable to her the sum of $340 thereon; that since the date of the decree defendant has been continually in receipt of an income sufficient to enable him fully to comply with the decree and his failure and refusal so to do has been willful, deliberate, and contumacious. That at the time the decree was entered defendant was an actual resident of Montgomery county, Md., but in the month of February, 1932, he became a resident of the District of Columbia, and ever since has continuously lived in the District. Plaintiff has been unable by reason of the absence of defendant from the state of Maryland since the entry of the decree to obtain personal service of the process of that court upon him.

That defendant is a noncommissioned officer in the United States Army and has no income save his salary from the government. He owns no property of a substantial value either in the state of Maryland or in the District of Columbia out of which a judgment obtained by plaintiff could be satisfied. She claims that owing to these facts she has no plain, adequate, and complete remedy at law for the recovery of her alimony; that she is employed as a waitress at a restaurant, receiving about $14 per week, and owns no property of substantial value, and is in receipt of no income other than that just stated. The child resides with plaintiff and is dependent upon her for support.

That defendant is now stationed for duty at Walter Reed Hospital in the District of Columbia and is paid the sum of $56.70 per month besides being supplied with living quarters, meals, uniforms, and medical attention. That on October 14, 1933, defendant unlawfully abducted from plaintiff the aforesaid child of the parties in violation of the terms of the decree of the circuit court for Montgomery county, Md., and that

plaintiff was compelled to recover the custody of the child by a writ of habeas corpus, by which plaintiff sustained an expense of $61; and that defendant has willfully and maliciously molested plaintiff by means of unlawful attempts to prevent her from securing employment.

The plaintiff therefore prayed that defendant be summoned and "be directed by the decree of the court specifically to perform the aforesaid decree of the Circuit Court for Montgomery County, Md., and to pay to the plaintiff the sum of $340 in satisfaction of the alimony now due and payable to the plaintiff under the provisions of the said decree," and that defendant hereafter be required to pay to plaintiff during the pendency of this cause and permanently maintenance in an amount commensurate with the ability of defendant and with the requirements of plaintiff and the minor child of the parties; that the custody of the minor child be confirmed in plaintiff by decree of this court; and that defendant be restrained and enjoined from molesting plaintiff.

A certified copy of the decree of the circuit court for Montgomery county, Md., is attached as an exhibit to the plaintiff's bill.

It will be observed that plaintiff does not seek in this case to recover a judgment at law against defendant for the amount of alimony which he owes to her, but seeks to employ the processes of this court to enforce the decree already entered and now in force in the Maryland court. We know of no authority for such a proceeding. It is true that under article 4, § 1, of the Federal Constitution, the decree of the Maryland court awarding alimony to the plaintiff is entitled to full faith and credit in this jurisdiction. But execution cannot issue in this court upon the Maryland decree until it first be made a judgment here. Barber v. Barber, 21 How. 582, 591, 16 L. Ed. 226; McElmoyle v. Cohen, 13 Pet. 312, 324, 10 L. Ed. 177; Cole v. Cunningham, 133 U. S. 107, 112, 10 S. Ct. 269, 33 L. Ed. 538; Huntington v. Attrill, 146 U. S. 657, 685, 13 S. Ct. 224, 26 L. Ed. 1123; Claflin v. McDermott (C. C.) 12 F. 375; 15 R. C. L., p. 926, § 404.

In Story on Conflict of Laws (8th Ed.) § 609, it is said: "By the Constitution of the United States it is declared that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. And Congress, in pursuance of the power given them by the Constitution in a succeeding clause, have declared that the judgments of State courts shall have the same faith and credit in other States as they have in the State where they are rendered. * * * It did not make the judgments of other States domestic judgments to all intents and purposes, but only gave a general validity, faith, and credit to them as evidence. No execution can issue upon such judgments without a new suit in the tribunals of other States. And they enjoy not the right of priority, or privilege, or lien which they have in the State where they are pronounced, but that only which the lex fori gives to them by its own laws in their character of foreign judgments."

In Davis v. Davis, 29 App. D. C. 258, 9 L. R. A. (N. S.) 1071, this subject received the consideration of this court. The plaintiff in that case filed a bill in the Supreme Court of the District to secure the payment of the sum of $300 awarded to her as alimony by a Kansas court. The prayer of the bill filed by plaintiff was for the execution of the decree of the Kansas court, and that she be awarded "execution as at law" for the amount thereof. The bill was dismissed by the lower court, and an appeal was taken. In an opinion by Chief Justice Shepard, this court, in effect, held that an unpaid unconditional decree for the payment of an ascertained and specific sum as alimony is enforceable, like ordinary decrees, in an action of debt thereon as if it were a judgment at law in a like sum, in an action of debt or assumpsit. But that a bill in equity by a woman against her former husband to enforce the provisions of a foreign decree of divorce awarding her a definite and ascertained sum as alimony is demurrable on the ground that she has an adequate remedy at law by an action of debt on the decree. The bill therefore was dismissed for lack of jurisdiction in equity to entertain it.

In our opinion, accordingly the appellant was not entitled to the enforcement of the Maryland decree as such, by the processes of our courts in respect either to the collection of the alimony allowed to her, or the custody of the child as granted to her by that court. And in respect to the prayer of plaintiff for an injunction to prevent defendant from molesting her in her employment, it seems unnecessary for us at this time to reverse the decision of the lower court upon that ground.

Accordingly, the decree of the lower court is affirmed, without costs.