Rose T. HITCHCOCK, Appellant,

v.

William R. THOMASON, Appellee.

William R. THOMASON, Appellant,

v.

Rose T. HITCHCOCK, Appellee.

Nos. 2250, 2273.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 10, 1958.

Decided Feb. 9, 1959.

John C. Poole, Washington, D. C., for appellant in No. 2250 and for appellee in No. 2273.

Charles S. Sures, Washington, D. C., with whom Sures & Wortman, Washing-

ton, D. C., were on the brief, for appellant in No. 2273 and for appellee in No. 2250.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

William and Ellen Thomason were married in 1949 and were divorced by decree of a Nevada court in 1956. About six months prior to the divorce the parties had executed a separation agreement by which custody of their two children was given to the mother, and the father agreed to pay her $25 a week for the support of the children. The Nevada decree "adopted" the separation agreement and ordered compliance with its terms. It also specifically awarded custody of the children to the mother.

William Thomason remarried in June 1956 and has one child by this marriage. In December 1957 he commenced this action for custody of his two children by his prior marriage. Ellen Thomason had suffered from a mental illness since 1952 and in October 1957 had been adjudicated of unsound mind. Rose Hitchcock, the mother of Ellen, was appointed her committee, and Mrs. Hitchcock has had actual custody of the two children for some time. Individually and as committee, she opposed William Thomason's claim to custody, and she filed a counterclaim against him for $825, alleged to be owing by him under the agreement for support of the children.

At trial Ellen Thomason did not appear because the medical authorities responsible for her care recommended she neither appear nor participate in the proceeding. After hearing all the witnesses the trial court awarded custody of the children to Mrs. Hitchcock, but denied her counterclaim on the ground that the Domestic Relations Branch of the trial court lacked jurisdiction over the claim for maintenance accrued under decree of a foreign court. William Thomason has appealed from the judgment denying him custody and Mrs. Hitchcock has appealed from the judgment denying her counterclaim.

With respect to William Thomason's claim for custody, the trial court found that the children were well cared for in the home of Mr. and Mrs. Hitchcock, who were willing to assume the obligation of their care and custody; that William Thomason was emotionally unstable and erratic and was not a proper party to have custody of the children; and that the interests of the children would be served best by awarding their custody to Mrs. Hitchcock.

Mr. Thomason's principal contention is that there was insufficient evidence to support the finding of his unfitness. He also contends that expert testimony was required on the subject of "emotional stability," and that the court's refusal to consider a medical report on this matter at the hearing on motion for new trial was error.

His principal contention must be placed in the context of this action, i.e., the natural father on one side and the maternal grandmother on the other. And the overriding rule that the best interests of the children are paramount must be considered throughout the discussion.[1] Finally, it is a well-established principle that the judgment of the trial court in a custody case will not be disturbed on appeal except in cases of manifest abuse.[2]

1. "For nearly half a century the established rule in this jurisdiction has been that the rights of the parent to the child are secondary to the welfare of the child. Its well-being as we have said time and again, is the paramount consideration. Hence it is that, in all cases such as this what is best for the child, rather than the natural right of the parent, is the controlling factor." Holtsclaw v. Mercer, 79 U.S.App.D.C. 252, 145 F.2d 388.

2. "Indeed, the entire matter of the award of the custody of the child or children, and their maintenance, in such case as the present, is one largely, and it may be said almost exclusively, of judicial discretion, and that discretion is never re-

■ Under the circumstances here disclosed we find no abuse of discretion in awarding custody to the grandmother.

■ Mr. Thomason argues that the trial court erred in excluding the medical report on his emotional stability offered at the hearing on motion for new trial. He says this expert evidence was needed in order to arrive at the conclusion of unfitness. We do not agree. The court's finding was not a finding of insanity or neurosis, but rather a general statement of "unfitness" defined in terms of emotional behavior, i.e., the attitude of the father towards his financial and other responsibilities as a parent.

■ With respect to the appeal from the denial of the counterclaim, it will be observed that this claim is for payments accrued under the separation agreement which was adopted by the Nevada decree and compliance therewith ordered.[3] The trial court ruled that the Domestic Relations Branch of the Municipal Court lacked jurisdiction to award judgment on payments due under a decree of a foreign court. In support of the contention that this ruling was erroneous, reliance is placed on Emrich v. McNeil, 75 U.S.App.D.C. 307, 126 F.2d 841, 146 A.L.R. 1146. There it was held that the United States District Court for the District of Columbia, which then had jurisdiction in domestic relations matters, had continuing jurisdiction for all proper purposes concerning the custody and maintenance of the child there involved,

which included jurisdiction to enforce its own decree for maintenance, and that the Municipal Court lacked jurisdiction to enter judgment for accrued maintenance. There is an obvious difference between that case and this one. There the court was enforcing its own decree. Here the court is asked to enter judgment on a foreign decree.

In our view this case is more nearly governed by the principles laid down in Grant v. Grant, 64 App.D.C. 146, 75 F.2d 665, and Worsley v. Worsley, 64 App.D.C. 202, 76 F.2d 815, certiorari denied 294 U. S. 725, 55 S.Ct. 640, 79 L.Ed. 1256. There it was held that the equity branch of the District Court lacked jurisdiction to enforce a foreign decree for alimony or support for a child; that the available relief was a judgment at law in an action of debt.[4] It may well be argued that these cases are distinguishable from the present one in that here the court was not asked to enforce the Nevada decree, but merely to award a money judgment on that decree. This raises the question whether the Domestic Relations Branch is authorized to enter judgment in an action at law.

The jurisdiction of the Domestic Relations Branch of the Municipal Court is fixed by statute.[5] It has exclusive jurisdiction, among other matters, of actions "for support and custody of minor children," and of "civil actions to enforce support of minor children," but nowhere is it specifically given power to award a money judgment on a debt. The counter-

viewed by an appellate court, except when such discretion has been manifestly abused." Wells v. Wells, 11 App. D.C. 392, 395. "Moreover, the custody of children is a question largely of judicial discretion, which will not be reviewed unless it has been manifestly abused." Sardo v. Villapiano, 65 App. D.C. 121, 122, 81 F.2d 255, 256.

3. The father is now under order of the trial court to make payments for maintenance of the children. That order is not in issue on this appeal, other than

being incidentally involved in the appeal from the custody order.

4. See also Scholla v. Scholla, 92 U.S.App. D.C. 9, 201 F.2d 211, certiorari denied 345 U.S. 966, 73 S.Ct. 951, 952, 97 L.Ed. 1384, 1385, holding that the District Court, then having full jurisdiction in domestic relations matters, lacked jurisdiction over a claim of $500 for support and maintenance under a Florida decree because an action for such amount was in the exclusive jurisdiction of the Municipal Court.

5. Code 1951, Supp. VI, 11–762.

claim was a strictly legal claim on a foreign decree and sought strictly legal relief, i.e., a money judgment. The counterclaim is a civil action for debt in a sum not exceeding $3,000 and lies within the jurisdiction of the Civil Branch of the Court and not within the jurisdiction of the Domestic Relations Branch.

It may appear that it is drawing too fine a distinction to hold that denial of the counterclaim was proper because filed in one branch of the court when it should have been filed in another branch of the same court. But it must be remembered that the Domestic Relations Branch was created as a special branch of the court with equity jurisdiction for specific purposes. As a special branch it should not be burdened with cases which do not require its special jurisdiction. An action at law on a foreign decree neither requires nor calls for the special jurisdiction of the Domestic Relations Branch.

Judgments affirmed.