GORRELL *v.* DICKSON and another.

*(Circuit Court, W. D. Pennsylvania. February 1, 1886.)*

1. PATENTS FOR INVENTIONS—CREDITORS' BILL TO SUBJECT PATENT TO PAYMENT OF JUDGMENT OF STATE COURT.
   A creditors' bill between citizens of different states will lie in a United States circuit court to subject a patent-right to the payment of a judgment recovered in a state court in the same judicial district, even though it might be that such relief would not be afforded by the courts of the state for lack of chancery power.

2. SAME—FRAUDULENT ASSIGNMENT OF PATENT.
   Relief upon such bill is not precluded by the previous fraudulent transfer of the patent-right by the judgment debtor,—the original defendant,—the transferee having been brought in and made a co-defendant.

3. SAME—FRAUD ON CREDITORS.
   Upon the proofs in this case, *held*, that the transfer of the patent-right was in fraud of creditors, and void as against the plaintiff.

In Equity.

*Henry A. Davis*, for complainant.

*John H. Stevenson*, for defendants.

ACHESON, J. This is a bill in equity to subject a patent-right to the payment of the plaintiff's judgment debt, agreeably to the decision in *Ager* v. *Murray*, 105 U. S. 126. The original defendant was the judgment debtor and patentee, Henry Dickson, who, having answered that before suit brought he had assigned the patent to Susanna K. Dickson, (his daughter,) she was made a party defendant. The citizenship of the parties and the amount in demand being such as to give the court jurisdiction, the objection based on the fact that the judgment was obtained in a state court sitting within this judicial dis-

trict is without force. Clearly, a creditors' bill between citizens of different states will lie in the United States circuit court to subject to the satisfaction of a judgment recovered in a state court assets which cannot be reached by process at law. *Putnam* v. *New Albany,* 4 Biss. 365. If it be true, as suggested, that the relief sought would not be afforded by the courts of this state, it must be simply for lack of chancery power, and hence the ruling in *Ewing* v. *St. Louis,* 5 Wall. 413, has no application here. Indeed, the inability of the state court to grant the needed relief would be a prevailing reason for the exercise of the ample chancery powers of this court. Nor is relief in this form precluded by the transfer of the patent-right, if, as is claimed, such transfer was in fraud of creditors, and void as against the plaintiff. *Gillett* v. *Bate,* 86 N. Y. 87. Whether such was the character of the transfer is the only disputed question of fact in the case.

The plaintiff obtained his judgment against Henry Dickson on March 10, 1882. He issued a *fi. fa.,* and levied upon a large quantity of personal property, all of which, however, was claimed by the wife and certain of the children of Dickson, and the writ was stayed. Subsequently, and before this bill was filed, the plaintiff caused an *alias* writ of *fi. fa.* to issue, to which there was a return of *nulla bona.* The insolvency of Dickson at the date of the assignment of the patent-right in question is established. He failed in the brick-making business several years ago. For some time he has been employed as general manager for his wife in the same business. The patent-right is for an apparatus for drying green brick. The letters patent were issued to Dickson, December 18, 1883. The invention seems to have considerable value. A single yard-right was sold by Dickson for from $300 to $350. When asked on the witness stand what he would have considered the patent worth at the time of the assignment thereof to his daughter if he had been selling to an outside party, he answered:

"I would have sold it for $5,000 at that time. I don't know what it was worth. Some days I might have sold it for $1,000; some days I would not."

And in the course of his examination he admitted that he would not have sold it to a stranger for the same price at which he sold it to his daughter. The assignment to her is of the entire patent, (save a solitary township,) and bears date October 2, 1884, the recited consideration being "one dollar and valuable exchanges." In her answer, Susanna K. Dickson states that the consideration for the assignment consisted of "valuable service" she had rendered her father, and money loaned him; but in her testimony she says the sole consideration was the money loaned to him; that at various times during the previous five years she loaned him small sums of money, and that at the date of the assignment he owed her on account of these loans "as much as $200." She testifies thus:

"There was no understanding at the time the patent was assigned to me that it was to be in full of all he owed me. We had no understanding as to

now much of the debt it was to extinguish. I consider $150 of the debt extinguished."

The father gives a similar account of his daughter's loans to him, and states that his indebtedness was the consideration of the sale to her. He testifies:

"This sale was made to my daughter at my suggestion. I proposed it first. She had not been urging me to pay the money, or threatening to sue me."

He further says that he has had no arrangement with her about selling rights or managing the patent. He used the patent in his wife's business before the assignment, and he has since continued so to use it in her business, without paying royalty to his daughter.

Such is a summary of the evidence. What is the natural inference to be drawn from the facts shown? It seems to me the only admissible conclusion is that the purpose of the transfer from the father to the daughter was to withdraw this patent-right from the reach of the creditors of the former. All the circumstances evince such fraudulent intent. Aside from everything else, the alleged consideration for the assignment was so grossly inadequate that it cannot stand as against a then existing creditor.

It may possibly be that in this affair the daughter was but a passive instrument in her father's hands; but, while this might be the judgment of extreme charity, good morals and sound law forbid that she shall profit by the transaction, as against the plaintiff. It may be added that it is not claimed, and under the proofs could not well be pretended, that the transfer of the patent was by way of mere security for the daughter's alleged loans.

Let a decree be drawn in favor of the plaintiff.