### E. F. Thompson v. Frank G. Yates et al.

1. EXECUTION—*Returns " With Schedule"—Creditor's Bill.*—From the fact that the words "returned with schedule" are added to the return of an execution unsatisfied, the court can not imply that the defendant might have had property to satisfy it. If anything is implied from such a return, it is that the defendant had only property exempt from execution which is not in the way of a creditor's bill.

Creditor's Bill.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

THOMPSON & KING, attorneys for appellant.

E. A. SHERBURNE, attorney for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF
THE COURT.

This case, with the parties reversed, was here four years
ago (44 Ill. App. 145), and the decree for the now appellant
was reversed for want of proof of an execution returned un-
satisfied.  That proof is now in the record; but apparently
because the appellant was not content with one execution
so returned, but sued out two more, which were like-
wise so returned, but to the returns were added the words
" returned with schedule," the bill was dismissed upon an
implication from those words that Yates might have had
property to satisfy them.

If anything is implied it is merely that Yates had only
property exempt from execution, which is not in the way of
this judgment creditor's bill.   It is not denied that the judg-
ment of a justice of the peace may be the foundation of
such a bill.   Steere v. Hoagland, 39 Ill. 264.

No proof was offered of any right by anybody other
than Yates to the fund which the bill sought to reach, and
therefore the decree should have been in favor of the appel-
lant for that fund.

The decree is reversed and a decree entered here in favor
of the appellant against the Home National Bank of Chi-
cago, for the sum of $52.90, without costs.   Fuqua v. Rob-
inson, 5 Gil. 128.

The appellant will recover his costs here from the other
appellees.   Reversed and remanded.