FIRST NAT. BANK OF CHICAGO v. STEINWAY et al.

(Circuit Court, W. D. Pennsylvania. December 28, 1896.)

No. 15.

FEDERAL JURISDICTION—CREDITORS' BILL—STATE JUDGMENT.

A federal court has jurisdiction of a creditors' bill between citizens of different states, though based upon the judgment of a state court, and notwithstanding the existence of statutory legal remedies in the state courts.

This was a creditors' bill by the First National Bank of Chicago against William Steinway & Sons and others. The cause was heard on demurrer to the bill.

John Wilson, for plaintiff.

Cohen & Israel and Knox & Reed, for defendants.

Before ACHESON, Circuit Judge, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. In Tube Works Co. v. Ballou, 146 U. S. 517, 523, 13 Sup. Ct. 165, 166, the supreme court said:

"Where it is sought by equitable process to reach equitable interests of a debtor, the bill, unless otherwise provided by statute, must set forth a judgment in the jurisdiction where the suit in equity is brought, the issuing of an execution thereon, and its return unsatisfied, or must make allegations showing that it is impossible to obtain such a judgment in any court within such jurisdiction."

The bill here conforms to these requirements, for it sets forth a judgment obtained in the court of common pleas No. 2 of Allegheny county, Pa., a writ of fieri facias issued thereon against the defendants therein, and a return of nulla bona. This is a creditors' bill in the usual form, between citizens of different states, to reach equitable assets, and the amount in controversy is sufficient to sustain the jurisdiction of this court. In our opinion the objection that the bill is not maintainable because based upon a judgment of a state court is not tenable. Putman v. New Albany, 4 Biss. 365, Fed. Cas. No. 11, 481; Wilkinson v. Yale, 6 McLean, 16, 18, Fed. Cas. No. 17,678; Gorrell v. Dickson, 26 Fed. 454; Buckeye Engine Co. v. Donau Brewing Co., 47 Fed. 6; Tube Works Co. v. Ballou, supra; Owens v. Gotzian, 4 Dill. 436, Fed. Cas. No. 10,634. Nor can we sustain the other ground of demurrer raised to our jurisdiction, namely, that statutory legal remedies are open to the plaintiff in the courts of Pennsylvania. The equity jurisdiction of the circuit court of the United States cannot be taken away or diminished by state legislation. Barber v. Barber, 21 How. 582, 592. In Mississippi Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75, it was distinctly held that a creditors' bill to subject property of the debtor fraudulently standing in the name of a third party to the payment of judgments against the debtor is within the jurisdiction of a federal court, sitting as a court of equity, although, in the courts of the state in which the federal court sits, state legislation may have given the creditor a remedy at law.

The demurrers are overruled, with leave to the defendants to answer the bill within 30 days from this date.

BUFFINGTON, J., concurs.