Henry Mundt, Defendant in Error, *vs.* Jacob Glos, Plaintiff in Error.

*Opinion filed December 17, 1907.*

1. Appeals and errors—*writ of error does not extend to matters occurring after writ was sued out.* A writ of error brings nothing up for review which occurred after the writ was sued out, and the question whether there was error in subsequent proceedings cannot be raised.

2. Same—*when defendant is not entitled to an appeal or writ of error.* In an application to register title to a large number of lots, if the defendant claims title to only two of such lots, a decree registering title to the lots in which defendant had no interest and continuing the case as to the other two, without adjudging costs to the defendant, does not affect the defendant, and he is not en-

titled to an appeal or writ of error in advance of final determination of the question of title to the two lots he claims.

3. REGISTRATION OF TITLE—*when defendant cannot complain of applicant's proof of title.* A defendant to an application to register title who sets up a claim of interest in only two of the numerous lots involved is not in a position to complain that the applicant failed to prove title, as against the world, in the lots to which the defendant set up no claim.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error.

F. WILLIAM KRAFT, for defendant in error

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a proceeding instituted by Henry Mundt, defendant in error, under the act of 1897, concerning land titles, generally known as the "Torrens land title system," seeking to register and confirm in him, as owner in fee simple, title to lots 1, 2, 3, 4, 6, 7, 8, 9, 12 and 13 in Rose & Brown's subdivision of lot 1 of block 35 in Railroad addition to Harlem, in the south-east quarter of section 12, township 39, north, range 12, east of the third principal meridian. The application alleged said lots were vacant and unoccupied and that there were no liens or encumbrances thereon. Said petition further alleged Henry L. Glos and Jacob Glos claimed some interest in the said premises by virtue of certain tax sales for non-payment of taxes and special assessments; that said claims were invalid, and that petitioner was ready and willing to pay to either Henry L. or Jacob Glos any sum of money that in equity and good conscience they were entitled to and that he ought to pay.

Plaintiff in error, Jacob Glos, filed a sworn answer to the application, setting up that Henry L. Glos had pur-

chased lots 6 and 7 in August, 1902, at the sale of land for delinquent taxes, for the sum of $6, being the taxes levied and assessed against said lots for the year 1901; that Henry L. Glos had assigned the certificate of purchase to plaintiff in error. The answer further avers Henry L. Glos paid the taxes on the two lots for the year 1903, amounting to the sum of $5.28, and plaintiff in error had paid a special assessment against said premises in the year 1904 amounting to $28.44. The answer further alleged the application of the defendant in error was insufficient, setting up the grounds wherein it was claimed to be defective. No answer was filed by Henry L. Glos and he was subsequently defaulted.

The application was referred to Theodore Sheldon, an examiner of titles, with directions to examine into the title of defendant in error, and particularly whether the land was occupied, and if so, the nature of the occupation and by what right, and to make report, in writing, of the substance of the proof and his conclusions therefrom. This order of reference was made November 3, 1904. Sheldon died before making any report, and June 23, 1905, the application was referred to Charles G. Little, examiner of titles, with directions to make report as to the title to the lots described in the application in which plaintiff in error claimed no interest in his answer and as to the lots in which plaintiff in error claimed an interest in his answer, the report of the examiner to be reserved until the taking of the evidence on the part of all parties was completed. This order of reference directed Little to admit as evidence the transcript of the evidence taken before Sheldon before his death. August 17, 1905, Little reported defendant in error was entitled to the relief prayed in his petition as to all the lots therein described except lots 6 and 7, and that as to those lots the cause was to be continued. Defendant in error filed eighty exceptions to this report. These exceptions were overruled and a decree entered that

the fee simple title to lots 1, 2, 3, 4, 8, 9, 12 and 13, de-
scribed in the petition, be confirmed in defendant in error
and that the registrar of titles register such title in the
manner prescribed by law. As to lots 6 and 7 it was or-
dered that the cause stand continued until such further
order as the court might thereafter render.

On the 7th of April, 1906, an order was entered, which,
after reciting the death of Sheldon, vacated the order of
reference theretofore made to him, and referred "that part
of said cause remaining undisposed of, and relating to lots
6 and 7 of the property described in the application," to
Charles T. Farson, one of the examiners of titles for Cook
county. The record before us shows Farson filed his report
August 27, 1907. Among other things he reported that
lots 6 and 7 were sold August 13, 1902, to Henry L. Glos
for $6; that July 15, 1905, tax deeds were issued by the
county clerk of Cook county conveying said lots to plain-
tiff in error in pursuance of their sale for delinquent taxes
for 1902, and that October 6, 1904, plaintiff in error had
paid a special assessment of $28.44 against said lots. The
examiner reported the tax deeds were invalid, with his
reasons therefor. He further reported the solicitor for the
defendant in error had in December, 1904, (which was be-
fore the tax deeds were issued,) twice tendered plaintiff
in error $50, which sum was more than the amount due
him on account of said tax sales and the subsequent taxes
and special assessments paid by him, with legal interest
thereon, and that on the hearing before the examiner July
12, 1907, defendant in error's said solicitor again tendered
plaintiff in error $50, all of which tenders were declined.
The examiner recommended that the tax deeds be set aside
and canceled upon defendant in error re-imbursing plain-
tiff in error for the taxes and special assessments paid;
that the title to said lots be confirmed in the defendant in
error, and that all costs up to December 6, 1904, be taxed
against defendant in error and the costs subsequent to that

231—11

date be taxed to plaintiff in error. Plaintiff in error filed sixty-nine exceptions to this report. All but two, which related to costs being taxed to him, were overruled and a decree entered August 29, 1907, ordering defendant in error to pay plaintiff in error the amount paid for said lots 6 and 7 at the sale for delinquent taxes and all taxes and special assessments against said property thereafter paid by him, together with interest on the respective amounts, aggregating a total sum of $46.55, which sum should be a full discharge of all right, title and claim of plaintiff in error, or any one claiming under or through him, to said lots. The decree found that said sum was in open court paid to the clerk of the court for the plaintiff in error, and directed that the defendant in error's title in fee simple to lots 6 and 7 be confirmed and registered. The examiner's recommendation that the costs after December 6, 1904, be adjudged against plaintiff in error was disallowed and all costs were adjudged to be paid by defendant in error. This writ of error was sued out of this court July 25, 1907, a little more than one month prior to the filing of the report of examiner Farson relating to lots 6 and 7 and the entry of the decree thereon.

Plaintiff in error's fifty-sixth objection to the report of examiner Farson was, that said examiner was without jurisdiction or authority to take evidence in the case because a final decree had been entered therein August 17, 1905. The sixty-ninth objection was, that a writ of error had been sued out of this court in said cause July 25, 1907, returnable to the October term of this court, and that said writ had been served upon defendant in error August 5, 1907. These facts were made to appear by the affidavit of the solicitor of plaintiff in error. It is clear the writ in this case brings nothing before us for review that occurred after it was sued out. The decree of August 17, 1905, did not dispose of the claims of the parties to lots 6 and 7. Plaintiff in error neither had nor claimed any interest in

any of the lots the title to which was affected by that decree. It is true, by his answer he alleges he claims an interest in the real estate described in the application of defendant in error, but he only sets out a claim of interest in lots 6 and 7, and his interest in those lots was by virtue of tax sales for which he had no deeds at the time the answer was filed, and the subsequent taxes and assessments paid thereon. His answer and all the proceedings show he claimed no interest in any property described in the application except said lots 6 and 7. No costs were adjudged against him, and he was therefore not affected by the decree rendered August 17, 1905. A party against whom no judgment is rendered or who is not aggrieved thereby cannot appeal or prosecute error. *Hedges* v. *Mace, 72* Ill. *472*; *Roby* v. *South Park Comrs.* 215 id. 200.

Whether the defendant in error proved his title to lots 1, 2, 3, 4, 8, 9, 12 and 13 described in the application, as against all the world, was a question that did not concern plaintiff in error, and he is in no position to complain of the decree in so far as those lots, only, are affected.

Plaintiff in error concedes the decree of 1905 is a final decree. Whether there was error in the subsequent proceedings cannot be raised upon this record, and what was done subsequently to the entry of that decree has no proper place in this record. At the time this writ of error was sued out plaintiff in error could not know what order or decree would be made subsequently as to the lots he claimed to have an interest in.

The writ of error is therefore dismissed.

*Writ dismissed.*