HENRY MUNDT, Defendant in Error, *vs.* JACOB GLOS, Plaintiff in Error.

*Opinion filed October 28, 1910—Rehearing denied Dec. 7, 1910.*

1. REGISTRATION OF TITLE—*procedure where examiner fails to report evidence on request.* Under section 18 of the Torrens law, providing that the examiner shall not be required to report the evidence submitted to him "except upon the request of some party to the proceeding or by the direction of the court," it is the duty of the examiner to report the evidence if requested to do so by a party to the proceeding, and if he fails or refuses to do so such party may apply to the court for a rule upon the examiner to report the evidence; but if no rule is applied for, the party cannot complain, on appeal, that his request was not complied with.

2. SAME—*harmless error will not reverse.* Error in directing an examiner of titles to admit in evidence and consider as a part of the record a transcript of the proceedings had before another examiner, who had not certified the evidence or included it in any report to the court before his death, is not ground for reversal, where the only matter shown by the transcript and not covered by the evidence introduced before the master relates to a matter which was immaterial in view of the final decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

JOHN R. O'CONNOR, for plaintiff in error.

F. WILLIAM KRAFT, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

On October 20, 1904, Henry Mundt, the defendant in error, filed his application in the circuit court of Cook county to have his title to ten lots in Harlem, Cook county, registered under the act of 1897 concerning land titles, commonly known as the "Torrens law." The application set forth, among other things, that the lots were vacant and unoccupied, that Mundt claimed an estate in fee simple therein, and that Henry L. Glos and Jacob Glos claimed some interest in the premises by virtue of certain sales for delinquent taxes and special assessments, which the applicant claimed were invalid, but the applicant offered to pay them such sums as they were equitably entitled to or could legally claim. Jacob Glos filed an answer, denying that his claim and interest in the premises, or the sales referred to in the application, were invalid, denying that Mundt was the owner of the premises, and alleging that on August 13, 1902, Henry L. Glos purchased lots 6 and 7 of the ten lots described in the application, at a sale for delinquent taxes for the year 1901 and paid $6 therefor; that Henry L. Glos assigned the tax certificate to him, Jacob Glos, and that he was, at the time of filing the answer, the legal owner and holder thereof; that Henry L. Glos paid $5.28 general taxes for the year 1903, and he (Jacob Glos) paid a special assessment in 1904 amounting to $28.44. Henry L. Glos afterwards released his interest in the premises to Mundt, and the application was dismissed as to him. On November 3, 1904, the application was referred to Theodore Sheldon, one of the examiners of title in Cook county. Sheldon died before making report, and on June 23, 1905, upon motion by the applicant and upon proof of notice to Jacob Glos that such motion would be made at that time, the court entered an order directing Charles G. Little, one of the examiners of title, to report to the court as to the lots described in the application in which the defendant Jacob

Glos claimed no interest in his answer, and that as to the other lots in which he claimed an interest the report of the examiner be reserved until the evidence of all parties should be completed. On August 17, 1905, Little filed his report, in which he found that at the time of filing the application Mundt was the owner in fee simple of all of said lots except said lots 6 and 7, and that no other person had any estate, interest or claim therein. As to said lots 6 and 7 the report stated the cause was to be continued until the further order of court. Glos filed objections to the report, which were overruled and were renewed as exceptions in the circuit court. On the same day the report was filed, August 17, 1905, the court entered a decree overruling the exceptions, approving the report, adopting the findings of the examiner, and directing the registrar to forthwith register the fee simple title in Mundt to all the lots described in the application except said lots 6 and 7. Thereafter, on April 7, 1906, the court entered an order vacating the order of reference to Theodore Sheldon on account of his death, and referring that part of the cause remaining undisposed of, and relating to said lots 6 and 7, to Charles T. Farson, one of the examiners of title in Cook county. This order of reference to Farson directed him to report to the court, in writing, the substance of the proof submitted to him and his conclusions therefrom, and also directed him to admit in evidence and consider as a part of the record of the cause a transcript of the proceedings had before Theodore Sheldon. While the cause was pending before Farson, Jacob Glos sued out a writ of error from this court to obtain a reversal of the decree entered August 17, 1905. Before the transcript of the record was certified to this court upon that writ of error Farson filed his report, and the circuit court, on August 29, 1907, entered a decree based thereon, finding that Mundt was the owner in fee simple of said lots 6 and 7, subject to an equity in favor of Jacob Glos on account of moneys paid for the tax certificate and for

subsequent taxes and special assessments and interest thereon, all amounting to $46.55, ordering the applicant to pay said sum to the clerk of the court for the benefit of Glos, in full discharge of all his right, title and claim in and to said real estate, and finding that said sum had been paid by the applicant to the clerk of the court as required by the decree; also finding that no person, other than as therein stated, had or claimed any estate or interest in said land, and ordering that the fee simple title be confirmed in said Mundt, that the applicant pay the costs of the proceeding, and that the registrar forthwith register such title in the manner provided by said act of 1897, concerning land titles. This report and decree were included in the transcript of record certified by the clerk of the circuit court to this court upon the former writ of error, and Glos sought to have us review the proceedings had subsequent, as well as those had prior, to the entry of the decree of August 17, 1905. We dismissed that writ of error, however, on the ground that the decree last entered in the cause was not before us for review because it had not been entered at the time the writ of error was sued out, and that Glos was not in a position to complain of the decree entered August 17, 1905, because he claimed no interest in any of the lots affected by that decree and could not be prejudiced by the registration of the fee simple title to those lots in the applicant. (*Mundt v. Glos,* 231 Ill. 158.) Subsequently, Glos sued out the present writ of error, and seeks thereby to obtain a reversal of both decrees entered by the circuit court in the cause.

The former writ of error brought before this court the proceedings in the cause up to and including the entry of the decree of August 17, 1905, and the reasons stated in *Mundt* v. *Glos, supra,* for dismissing that writ of error are sufficient to prevent Glos from obtaining a review of such proceedings and decree in this case. Only proceedings had in the cause subsequent to the entry of the decree of August 17, 1905, can be considered at this time.

The principal objection urged to the proceedings had subsequent to August 17, 1905, is, that certain exhibits received in evidence by Charles T. Farson, examiner of titles, were not filed with his report or otherwise brought to the attention of the circuit court when the matter came on for hearing before the court on that report and the exceptions filed by Glos thereto, and it is urged that by reason thereof plaintiff in error was denied the right to have the circuit court pass on the question whether the evidence sustained the findings of the examiner, and is likewise denied the right to have this court pass on that question.

Section 18 of the act concerning land titles provides that the examiner "shall not be required to report the evidence submitted to him except upon the request of some party to the proceeding or by the direction of the court." Upon such request being made it becomes the duty of the examiner to report the evidence submitted to him, and if he fails or refuses to do so, the party desiring the evidence to be so reported should thereupon apply to the court for a' rule upon the examiner to report the same. Neither the order of court referring the application to Farson, nor any other order entered in the cause, directed the examiner to report the evidence submitted to him. Glos requested the examiner to certify and return into court, with his report, all the testimony heard and taken by him, but the record fails to show any application to the court to require the examiner to comply with the request. The record does show that on August 27, 1907, Glos moved the court to require the solicitor for the applicant to place on file in the cause the report of the examiner now in his possession, together with the evidence and exhibits in his possession upon which the same is based, and that the court sustained the motion in part and denied it in part, and ordered that applicant's solicitor file the report and that he retain the exhibits in his possession. It further appears that on August 29, 1907, on motion of the applicant, leave was granted to his solicitor

by the court to withdraw the exhibits filed with the examiner, but to hold the same subject to the order of the court for their production from time to time, as may be necessary. The first of these orders indicates that the exhibits were in the possession of the applicant's solicitor on August 27, while the latter order indicates that they were in the possession of the examiner on the day the exceptions to the report were heard by the court and the decree entered.

In *McMahon* v. *Rowley,* 238 Ill. 31, where the objection was made that the examiner based his report on certain evidence that was not returned with his report, we said: "Moreover, plaintiffs in error are in no position to complain. It was their duty, under the statute, if the evidence was not returned, to ask the trial judge for a rule on the examiner to report the evidence and file the same. The statute requires this, and this court has said that was the proper procedure in similar matters with reference to masters in chancery." In the case at bar the plaintiff in error made no attempt to obtain a rule on the examiner to file the exhibits in court. He is therefore in no position to complain that such exhibits were not returned into court. (*Cregar* v. *Spitzer,* 244 Ill. 208.) The subsequent order granting leave to the applicant's solicitor to withdraw the exhibits filed with the examiner indicates that the exhibits were in the possession or under the control of the examiner and that a rule on him to file them in court would have been effective.

It is also urged that the admission in evidence by examiner Farson of a transcript of the proceedings in said cause before former examiner Sheldon was error. While we agree with plaintiff in error in his contention in this regard, for the reason that such evidence had not been certified by Sheldon or included in or attached to any report to the court, (*Coel* v. *Glos,* 232 Ill. 142,) we do not regard such error as prejudicial. The only matter shown by that transcript which was not covered by other evidence intro-

duced before Farson was a tender made by the solicitor for the applicant to Glos. The applicant was by the final decree ordered to pay all the costs of the proceeding, and the fact that a tender had been made was immaterial to any of the issues in the cause.

The assignment of errors refers to other alleged errors in the proceedings, but plaintiff in error has only argued those above considered. The others have therefore been waived.

Plaintiff in error having failed to point out any prejudicial error in the record of which he is in a position to complain, the decree of the circuit court will be affirmed.

*Decree affirmed.*