## Samuel A. Corn, Appellee, v. Harry Greenberg et al., on Appeal of Harry Greenberg, Appellant.

## Gen. No. 19,530.

1. APPEALS AND ERRORS—*right to appeal from interlocutory injunction.* Where a creditor's bill is filed against defendant, a judgment debtor, and an interlocutory injunction is granted restraining certain parties, joined as defendants, from paying over to anyone money due the principal defendant, the principal defendant may appeal from the order.

2. APPEALS AND ERRORS—*section 123 of Practice Act.* The right to appeal under section 123 of the Practice Act is not limited to any particular party.

3. APPEALS AND ERRORS—*under section 91 of Practice Act.* Under section 91 of the Practice Act all parties to the suit whose interests have been prejudicially affected by final judgment, order or decree have the right to appeal.

4. APPEALS AND ERRORS—*constitutionality of statutes.* The question whether Sec. 123, Ch. 110, R. S. is constitutional cannot be determined by Appellate Court.

5. CREDITOR'S SUIT—*when lies.* By statute and by common law a creditor's bill will lie when a judgment has been obtained, an execution duly issued and returned *nulla bona.*

6. CREDITOR'S SUIT—*jurisdiction.* A judgment in order to be the basis of a creditor's bill must be one in the same jurisdiction as the court in which the creditor's bill is filed.

7. CREDITOR'S SUIT—*in circuit court on judgment obtained in municipal court.* A creditor's bill may be filed in the circuit court on a judgment obtained in the municipal court.

8. CREDITOR'S SUIT—*adequate remedy at law.* A creditor's bill cannot be maintained where there is an adequate remedy at law.

9. CREDITOR'S SUIT—*presumption raised by return of execution.* The return of an execution unsatisfied is sufficient to raise the presumption that all legal means for collection have been exhausted.

10. CREDITOR'S SUIT—*when execution need not be issued to sheriff.* Where a creditors's bill is filed in the circuit court on a judgment of the municipal court and the bailiff of the municipal court has returned the execution unsatisfied, there being nothing to show that the debtor has property in Cook county outside of Chicago, the issuance of an execution to the sheriff of Cook county and return by him *nulla bona* is not necessary.

Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 30, 1913.

HOYNE, O'CONNOR & IRWIN, for appellant; CARL J. APPELL and NATHANIEL RUBINKAM, of counsel.

OSCAR M. WOLFF, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order of the Circuit Court allowing an interlocutory injunction without notice on a verified creditor's bill.

It is alleged in the bill that the complainant procured a judgment in the Municipal Court against Harry Greenberg, Ed L. Greenberg and Jacob C. Greenberg, as partners, for $450, on which had been paid $177.50; that there was still due thereon, including interest and costs, $330; that three executions had been issued on that judgment and delivered to the bailiff of the Municipal Court to execute; that two of such executions had been returned by that bailiff *nulla bona* as to the unpaid portion of the judgment, and that the third and last execution was then still in the hands of the bailiff wholly unsatisfied; that the parties above named are no longer partners; that they are all residents of New York City and have no property in this state, known to the complainant, subject to execution, but that Samuel Lipshitz and William Turner, partners trading as Lipshitz & Turner, and Lundin & Company, a corporation, all of Chicago, are indebted to appellant,

Harry Greenberg, in some amount not known. The relief prayed is that the amount due from Lipshitz & Turner and from Lundin & Co. to appellant be ascertained and that they be ordered to turn over to the bailiff of the Municipal Court of the amount so found due sufficient to pay the unpaid balance of the judgment, and that pending the final decree they be ordered to retain and be restrained from paying over to any one any money so found to be due appellant. Harry Greenberg, the appellant, and Ed L. Greenberg, Jacob C. Greenberg, his former partners, Samuel Lipshitz and William Turner, copartners, and Lundin & Co., a corporation, are all made parties. The injunction was ordered, as prayed for. Harry Greenberg alone appealed. A motion by appellee to dismiss the appeal was taken with the case.

Two grounds are urged in support of the motion to dismiss the appeal. First, that no injunction order was entered against appellant and, therefore, he has no right to appeal; and, second, that the statute under which the appeal is taken is unconstitutional.

Section 123 of the Practice Act provides that an appeal may be taken from an interlocutory order granting an injunction to the Appellate Court of the district wherein is situated the court granting such order. The terms of that section are general and the right to appeal is not limited to any particular class of partisans. In this respect this section is not distinguishable from section 91 of the same act, by which the right to have *final* judgments, orders, and decrees reviewed on appeal or writ of error, is given. So far as we are aware, it has never been denied that section 91 gives to all the parties to the suit, whose interests have been prejudicially affected by a final judgment, order or decree the right to appeal. On the contrary, the right of such persons to appeal has been recognized in *Mundt v. Glos,* 231 Ill. 158, where the court said on page 163: "A party against whom no judgment is

rendered *or who is not aggrieved thereby* cannot appeal or prosecute error."

In *Henkleman v. Peterson,* 40 Ill. App. 540, this court had under consideration the right of appeal from an interlocutory order granting an injunction, and it was said: "The order granting an injunction restraining the sheriff from paying to the appellants the proceeds of property sold under executions upon their judgments, injuriously affected the appellants and they had the right to appeal, though in form the injunction was not against them, nor had they as yet appeared in the cause."

Appellant is a party to this suit. His interests have been prejudicially affected by having his debtors prohibited from paying to him what they owe him. We have no doubt of his right, under the terms of the statute referred to, to bring the cause to this court for review by appeal.

The question whether section 123, chapter 110, R. S., is constitutional is, as to this court, *coram non judice.* The jurisdiction of this court is expressly limited by the law creating it to certain cases in which a franchise, a freehold or the validity of a statute is not involved. If the means now provided by law are inadequate for the determination of the constitutionality of the particular statute under consideration, it is a question to be taken up with the legislature and not the courts.

The motion of appellee to dismiss the appeal is, therefore, denied.

By statute and by the common law a creditor's bill will lie when a judgment has been obtained and an execution has been duly issued thereon and returned *nulla bona.* Chapter 22, section 49, R. S.; *Durand & Co. v. Gray, Kingman & Collins,* 129 Ill. 9.

A judgment in order to be the basis of a creditor's bill must be one in the same jurisdiction as the court in which the creditor's bill is filed. *Ladd v. Judson,*

174 Ill. 344.   A judgment in a foreign state or in a federal court will not support a creditor's bill in the courts of this state. *Steere v. Hoagland,* 39 Ill. 264; *Winslow v. Leland,* 128 Ill. 304; see also exhaustive note to *Ziska v. Ziska,* 23 L. R. A. (N. S.) 1, 20 Okla. 634.

It is urged by appellant that as the judgment here relied on was obtained in the Municipal Court, the territorial jurisdiction of which is limited to the city of Chicago, and the bill was filed in the circuit court which has jurisdiction not only in the city of Chicago, but in the balance of Cook county, the judgment is not in the same jurisdiction, and that the bill cannot be maintained in the circuit court, at least not until an execution has been issued on such judgment and placed in the hands of the sheriff of Cook county. We think this is a misconception of the rule. The circuit court has jurisdiction in the entire territory where the Municipal Court has jurisdiction, and the fact that it has also jurisdiction in more territory does not constitute the territory included in the jurisdiction of the Municipal Court a foreign jurisdiction. In *Alkire Grocery Co. v. Baker,* 91 Fed. 79; *Feidler v. Bartleson,* 88 C. C. A. 194, 161 Fed. 30, and *Wilkinson v. Yale,* 6 McLean 16, Fed. Cas. No. 17,678, it is held that a judgment creditor in a state court who had sued out an execution and obtained a *nulla bona* return might file a creditor's bill based thereon in the Circuit Court of the United States for the district comprising the county in which the judgment in the state court was rendered, and in *Bowman v. Wilson,* 64 Ill. App. 73, the action of the circuit court of Green county in entertaining a bill in the nature of a creditor's bill based on a judgment in the Superior Court of Cook county was upheld, although the precise question here under consideration was not there mooted.

The right of a court of equity to entertain a creditor's bill depends upon the same principles as general

equity jurisdiction to the extent that, if there is an adequate remedy at law, relief in equity cannot be afforded. If the rules of the common law and the provisions of our statute requiring the obtaining of a judgment, the issuance of an execution and its return *nulla bona* have been complied with, the presumption is indulged in that all legal means for the collection of the debt have been exhausted. An execution issued from the court where the judgment is rendered, and delivered to the regular officer of that court, authorized to execute the same, and returned unsatisfied is sufficient, unless from facts shown a legal presumption arises, or the truth known to the creditor is, that the debtor has property in some other county in the state that would be subject to an execution that might be issued on such judgment to the sheriff of that other county. *Durand & Co. v. Gray, Kingman & Collins,* 129 Ill. 9. It has been held in this state that an execution so issued on a judgment of a justice of the peace and returned unsatisfied is a sufficient compliance with the requirements of the law to show that all legal means have been exhausted. *Ballentine v. Beall,* 4 Ill. (3 Scam.) 203; *Steere v. Hoagland,* 39 Ill. 264; *Thompson v. Yates,* 61 Ill. App. 262.

There is nothing in this record to show or raise a presumption that appellant had any property in the state outside of the city of Chicago, or any reason why an execution should issue to any one other than the bailiff of the Municipal Court. On the contrary, the bill affirmatively shows that there is no such property in this state known to appellee. Counsel for appellant has called our attention to the last clause of section 326 of the Municipal Court Act, and insists that that clause requires the issuance of an execution to the sheriff of Cook county, and a return thereof by him *nulla bona* before it can be held that all legal means have been exhausted to collect the judgment. That clause reads: "Executions against the lands and

tenements, goods and chattels of the defendants, outside of the City of Chicago, shall be directed to the Sheriff, or in case he is disqualified from acting, to the Coroner of the county in which such lands and tenements, goods and chattels are situated.''

That section merely provides to whom an execution shall be directed when it is desired to reach property anywhere in the state outside of the limits of the city of Chicago, and has no more application to the sheriff of Cook county than to the sheriff of any other county in the state. It is not a requirement that an execution shall be issued to the sheriff of any county, except where property in that county is sought to be reached, and it is not necessary that one should be so issued unless there is some reason to believe there is property of the judgment debtor in the state outside of the city of Chicago on which such execution might be levied. The bill in this case sufficiently shows that all legal means have been exhausted to collect the judgment and shows a state of facts warranting equitable relief.

The bill shows that Lipshitz & Turner and Lundin & Company had acknowledged their indebtedness to appellant and had expressed their desire and present intention of paying the same and that appellee fears that they will so pay appellant unless restrained by injunction. The fears of appellee without facts showing that they were well grounded would not be sufficient to warrant an order for an injunction, without notice, but we think the facts stated fully warranted the fear expressed.

The circuit court committed no error in entering the order for the interlocutory injunction.

The order appealed from is, therefore, affirmed.

*Order affirmed.*