JOHANNA SCHIESSLE, Appellee, *vs.* JACOB GLOS *et al.*
Appellants.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

REGISTRATION OF TITLE—*when defendants cannot raise question that several tracts have not the same chain of title.* Where the original application to register title to several lots is granted as to all of the lots but one and the applicant files an amended application as to such lot, making certain persons defendants who were not defendants to the original application, the latter are not in a position to raise the question that the several lots joined in the original application did not have the same chain of title.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellants.

THEODORE A. KOLB, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county confirming the title of appellee as owner in fee simple of lots described in an application to register title to real estate under the act entitled "An act concerning land titles." The application described lots 1 and 17 in block 2, lots 11 and 12 in block 3, lot 4 in block 4, and lot 3 in block 5, in Powell's subdivision, in section 35, township 41, north, range 12, east of the third principal meridian, in Cook county, Illinois, which the applicant claimed to own in fee simple and which the application stated were partly improved but unoccupied. Appellants, Jacob Glos and August Timke, were not made defendants to the proceeding. The application was referred to an examiner of titles to take the testimony and report it, together with his conclusions. The examiner, after taking the evidence, re-

ported his conclusions as to all the lots except lot 4 in block 4, and that the applicant was entitled to the relief prayed as to all the lots described in the application except said lot 4, as to which it was recommended the cause be continued. A decree was entered as recommended by the report, confirming the title in the applicant to all the property except said lot 4, and as to that lot the cause was continued. Subsequently an amended application was filed as to said lot 4, and Jacob Glos and August Timke were made defendants to the amended application, which alleged Glos claimed an interest in the premises by virtue of a tax deed and Timke claimed an interest under a trust deed given by Glos. Glos and Timke answered the amended application, denying the applicant was the owner of the property therein described and alleging that it did not appear the property was contiguous or that it was all acquired through the same chain of title. The cause was referred, on the amended application and answers of Glos and Timke, to an examiner, who, after hearing the evidence, reported, recommending a decree as prayed in the amended application. Exceptions of Glos and Timke to the report were overruled and a decree entered as recommended by the examiner. This appeal is prosecuted by Glos and Timke from that decree.

Two objections to the decree are discussed in the briefs: (1) The property described in the application was not contiguous; and (2) the applicant's title was not derived from the same chain of title.

A decree was entered confirming appellee's title to all the lots except lot 4 in block 4, and the case was continued as to that lot. At the time that decree was entered appellants were not parties to the suit, and they claim no interest in any of the property except said lot 4. After the decree confirming appellee's title to all the other lots and the continuance as to lot 4, by leave of court the application was amended making appellants parties. The amended application described no property except lot 4. The title as to

all the other lots described in the original application had been confirmed by the decree entered at a previous term of the court when appellants were not parties to the suit. They were concerned only in the proceeding under the amended application to confirm title to lot 4. They are therefore in no position to raise the question whether all the lots described in the original application were contiguous and whether appellee had substantially the same chain of title to all of them. *Mundt* v. *Glos,* 231 Ill. 158; *Mc-Donnell* v. *Glos,* 266 id. 504.

The decree of the circuit court is affirmed.

*Decree affirmed.*